NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSETTA BEATRICE DAVIS,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2024-1086

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-21-0127-I-1.

---

Decided: October 16, 2024

---

ROSETTA BEATRICE DAVIS, Washington, DC, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before DYK, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Petitioner Rosetta Davis challenges a final decision from the Merit Systems Protection Board sustaining Ms. Davis's removal from her position at the Department of Agriculture. Because the Board's decision is supported by substantial evidence and is otherwise in accordance with law, we affirm.

I

At the time of her removal, Ms. Davis was employed as a Program Management Analyst in the agency's Farm Production and Conservation Business Center. In that position, Ms. Davis's job duties involved the security and emergency operation of the National Capital Region Headquarters complex, which required her to be physically present on site for a substantial portion of her work. Starting in April 2018, Ms. Davis "failed to regularly report to duty," and she submitted several notes from her treating physicians identifying medical reasons for her absence. S.A. 2.[1] Ms. Davis later requested full-time telework to accommodate her conditions. In response to her request, the agency offered Ms. Davis an accommodation of one telework day per week but concluded that full-time telework would require removal of essential functions of her position. Ms. Davis declined the offer. The agency attempted and failed to find a suitable reassignment for Ms. Davis to accommodate her medical limitations. On October 11, 2019, following the failed reassignment search, the agency proposed to remove Ms. Davis based on her "inability to report for duty and perform the full scope of duties of [her] officially assigned position." S.A. 59. The notice of proposed removal also stated that "[s]ince, on or about, April 23, 2018," Ms. Davis had "been unable to

---

[1]    Citations to "S.A." refer to the [Supplemental] Appendix submitted by the agency with its briefing. *See* ECF No. 22.

report for duty on a full-time regular basis due to a medical condition." S.A. 59.

Ms. Davis appealed her removal to the Board. In an initial decision, the administrative judge overseeing Ms. Davis's case found that Ms. Davis had failed to prove any of her affirmative defenses but nevertheless reversed her removal. The administrative judge interpreted the agency's removal letter as an "Excessive Absence" charge and found that the agency had failed to prove by preponderant evidence all the elements of the charge. S.A. 30–31. The agency subsequently petitioned for full Board review, where the Board concluded that the agency had intended to charge Ms. Davis with medical inability to perform her duties—not excessive absences—and that the administrative judge had erroneously taken an overly narrow interpretation of the agency's allegations. Accordingly, the Board (1) affirmed the administrative judge's findings that Ms. Davis failed to prove her affirmative defenses, (2) modified the administrative judge's analysis of the affirmative defenses to address new case law, (3) reversed the initial decision as to the removal action, and (4) sustained the agency's removal of Ms. Davis for medical inability to perform her job duties. Ms. Davis timely petitioned for review in this court. We have jurisdiction to review a final decision of the Board under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020).

### III

Before this court, Ms. Davis alleges that the COVID-19 pandemic and the government's associated teleworking policies "conclusively prove[]" that the agency's reason for removal—i.e., that Ms. Davis's position required in-office attendance—was "without merit." Pet. Inf. Br. 3.[2] Ms. Davis explains that her removal was sustained by the agency on November 13, 2019, and that "[f]our months later," when the federal government moved to a "maximum telework" system due to the pandemic, "[t]he agency never reached out to [her] concerning these changing working conditions, which would have expressly provided [her] with the opportunity for full-time telework." *Id.* at 7–8. Ms. Davis asserts that this is "new evidence" not previously considered by the Board. *Id.* at 8.

As an initial matter, it appears that the administrative judge's decision did consider the effects of the pandemic on her case but found Ms. Davis's arguments to be "unconvincing." S.A. 35 (administrative judge noting that the COVID-19 working arrangements were likely temporary and explaining that many in-person duties were probably temporarily halted during the pandemic). Further, as Ms. Davis herself points out, the pandemic-era teleworking policies arose four months after her removal was sustained by the agency. There is substantial evidence for the Board's finding that, at the time of her removal, Ms. Davis was unable to perform the duties of her position because of a medical condition. *See* S.A. 14–15 (Board discussing Ms. Davis's admission that she was "unable to report" to duty in person and the administrative judge's finding that "some of her job functions required face-to-face coordination and the use of agency tools and equipment

---

[2]    Ms. Davis's Informal Brief contained passages with duplicate pagination. For clarity, we cite to page numbers in the context of the filing as a whole.

that could not be accessed remotely"); *see also* S.A. 59; 68–71 (discussion of job responsibilities).

Ms. Davis also argues that neither the Board nor the agency considered her for medical retirement, and she asserts that she "was unaware medical retirement was a remedy" she could have sought. Pet. Inf. Br. 3. Because Ms. Davis did not raise this issue before the Board, she may not raise it now. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.").

## IV

We have considered Ms. Davis's remaining arguments and found them unpersuasive. Because the Board's decision was supported by substantial evidence and otherwise in accordance with law, we affirm.

### AFFIRMED

COSTS

No costs.